Jeonghye Kim (SBN: 339395)
jane.kim@fohaslaw.com
**FOHAS LAW GROUP**
515 S. Flower St., 18th Floor
Los Angeles, California 90071
Tel. 213-705-3009

Attorney for Plaintiff, RB FASHION & DESIGN INC. d/b/a BLUE FABRIC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RB FASHION & DESIGN INC., a California Corporation d/b/a BLUE FABRIC,<br><br>Plaintiff,<br><br>v.<br><br>BLUE JAY BEACH, INC., a Delaware Corporation d/b/a BIRDY GREY; GRACE LEE, an Individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No: 2:25-cv-2111<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br>**2. VICARIOUS COPYRIGHT AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Plaintiff RB FASHION & DESIGN INC. d/b/a BLUE FABRIC ("Plaintiff"), by and through its undersigned counsel, hereby prays to this honorable Court for relief and remedy based on the following:

## **INTRODUCTION**

This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of the Defendants' unauthorized

reproduction/modification and sale of copyrighted fabric designs owned and registered by Plaintiff. Plaintiff is the exclusive owner of unique, two-dimensional, graphic artwork titled RBD – 23045.

Plaintiff acquires ownership of the artworks by creating it or purchasing it from other designers and artists. Plaintiff spends a considerable amount of time and resources creating and obtaining high quality, marketable, and aesthetically appealing designs. Plaintiff prints the artworks onto fabric which it then widely sells and disseminates to the apparel industry, for generating profits. It is necessary for the Plaintiff to widely disseminate samples of fabrics to the prospective customer, potentially including DOE defendants, to receive purchase orders from them. When distributing those samples, potential buyers agree not to reproduce, modify, or seek another's reproduction of the artwork appearing on the samples because such reproduction or modification would significantly depreciate the value of Plaintiff's textile business, which has been hard-earned by investing considerable time and resources in acquiring exclusive ownership of the artworks.

Accordingly, Plaintiff seeks remedy and relief for the damages for direct, vicarious, and contributory copyright infringement arising out of Defendants' unauthorized reproduction and/or modification and sale of copyrighted fabric designs under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*.
2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff RB FASHION & DESIGN INC. is a California corporation doing business as BLUE FABRIC, with its principal place of business at 2038 E. 45th St., Vernon, CA 90058.

5. Plaintiff is informed and believes and thereon alleges that Defendant BLUE JAY BEACH, INC. ("BIRDY GREY") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 210 E. Olympic Blvd., Unit #300B, Los Angeles, CA 90015.  Defendant BLUE JAY BEACH, INC. conducts substantial business in the State of California under the name BIRDY GREY, including maintaining its principal office and engaging in regular and systematic business activities within the state.

6. Plaintiff is informed and believes and thereon alleges that GRACE LEE ("LEE") is, and at all relevant times was, an individual residing in California, and the controlling Officer, and/or managing agent of BIRDY GREY, which maintains its principal place of business at 210 E. Olympic Blvd., Unit #300B, Los Angeles, CA 90015. In this capacity, LEE exercised control over, directed, or authorized decisions related to the alleged copyright infringement and other business operations of BIRDY GREY. LEE had the authority to review and approve fabric designs used in garments sold by BIRDY GREY.

7. Plaintiff is informed and believes and thereon alleges that some of DOES 1 through 3 are manufacturers and/or vendors of garments supplied to Defendants. These DOE Defendants have manufactured and/or supplied, and continue to manufacture and/or supply, garments containing fabrics printed with Plaintiff's copyrighted design (as hereinafter defined) without Plaintiff's

knowledge or consent, or have otherwise contributed to the infringement. The true names and capacities of these DOE Defendants, whether corporate, individual, or otherwise, are presently unknown to Plaintiff, who therefore sues them under fictitious names and will seek leave to amend this Complaint to reflect their actual names and capacities when they are ascertained.

8. Plaintiff is informed and believes, and thereon alleges that DOES 4 through 10 are other parties not yet identified who have infringed Plaintiff's copyrights, contributed to the infringement, or engaged in other wrongful acts as alleged herein. The true names and capacities of these DOE Defendants, whether corporate, individual, or otherwise, are presently unknown to Plaintiff, who therefore sues them under fictitious names and will seek leave to amend this Complaint to reflect their actual names and capacities when they are ascertained.

9. Plaintiff is informed and believes, and thereon alleges that each DOE Defendant is responsible, in some manner, for the events alleged herein and for the damages resulting therefrom.

10. Plaintiff is informed and believes, and thereon alleges that at all relevant times, each Defendant acted in concert with the others and was an agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining Defendants. Each Defendant acted within the scope of such agency, affiliation, alter-ego relationship, and/or employment, and actively participated in, ratified, or adopted—either before or after the fact—the acts alleged herein, with full knowledge of all relevant facts and circumstances, including, without limitation, the violations of Plaintiff's rights and the damages caused thereby.

//
//
//
//

## CLAIMS RELATED TO DESIGN "RBD - 23045"

11. Prior to the acts complained of herein, Plaintiff created all elements of an original two-dimensional artwork for fabric printing, identified as "RBD - 23045" (hereinafter, "Subject Design"), which is attached hereto as **Exhibit A**.

12. Plaintiff is the exclusive owner and author of the originally created artwork which has been duly registered with the United States Copyright Office under the title of work "DECEMBER 2019 FLOWER-3 (RB FASHION & DESIGN, INC.)" and content title "RBD - 23045," bearing Registration Number VA 2-193-769 (attached hereto as **Exhibit B**).

13. Prior to the acts complained of herein, fabric bearing the Subject Design had been widely disseminated and sold to numerous entities in the fashion and apparel industries.

14. Plaintiff has never authorized Defendants to copy, reproduce, duplicate, distribute, disseminate, or create derivative works based on the Subject Design.

15. Following the distribution of the Subject Design, Plaintiff is informed and believes, and thereon alleges that BIRDY GREY, DOE Defendants, and each of them, had access to the Subject Design through various means, including, but not limited to: (a) prior direct and/or indirect business dealings with Plaintiff, including the purchase of lawfully printed fabric bearing the Subject Design; (b) access to Plaintiff's showroom and/or design library; (c) access to copies of the Subject Design obtained through third-party vendors and/or DOE Defendants, including, but not limited to, international and/or overseas converters and printing mills; (d) access to Plaintiff's strike-offs and samples; and (e) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design. Upon information and belief, Defendants were familiar with the Subject Design through their prior transactions and had actual or constructive knowledge of its proprietary nature.

Despite this knowledge, Defendants proceeded with its unauthorized use, demonstrating reckless disregard for Plaintiff's intellectual property rights.

16. Plaintiff is informed and believes and thereon alleges that BIRDY GREY, DOE Defendants, and each of them created, manufactured, caused to be manufactured, imported, distributed, marketed, advertised, and/or sold fabric and/or garments comprised of fabric featuring a design incorporating a design that is identical or substantially similar to the Subject Design ("Infringing Garment"), incorporating its protectable elements with modifications that do not alter its overall look and feel, aesthetic appeal, or unique artistic expression. The Infringing Garment includes, but is not limited to, the garments that are sold under various product names through online and/or offline retail channels operated by BIRDY GREY and DOE Defendants, with an exemplar of one such Infringing Garment attached hereto as **Exhibit C.**

17. Plaintiff is informed and believes and thereon alleges that BIRDY GREY, DOE Defendants, and each of them exercised direct control over the selection, procurement, and production of the Infringing Garments, ensuring their incorporation into Defendants' product offerings and widespread dissemination to consumers.

18. Plaintiff is informed and believes, and thereon alleges, that Defendant LEE, as the controlling officer of BIRDY GREY, had direct control over, authorized, and/or knowingly participated in its business operations, including the procurement, manufacturing, importation, marketing, advertising, sale, and distribution—both online and offline—of garments substantially similar to the Subject Design, without Plaintiff's authorization.  As an executive decision-maker, LEE had the authority and responsibility to review and approve fabric designs used in BIRDY GREY's product line.  Upon information and belief, LEE was aware, or should have been aware, of the Subject Design's proprietary

nature and nonetheless actively authorized and facilitated its unauthorized use for Defendants' commercial benefit.

19. Plaintiff further alleges that LEE had the right and ability to supervise, and not only directly or indirectly benefited from, but also facilitated and enabled the infringing activities carried out by BIRDY GREY. By virtue of her position and authority, LEE exhibited conscious disregard of Plaintiff's rights and continued the unauthorized use of the Subject Design. The willful nature of Defendants' infringement is further evidenced by their continued exploitation of the Subject Design despite their ability to ascertain its rightful ownership.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

20. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in preceding paragraphs of this Complaint.

21. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, accessed the Subject Design through, without limitation, the following: (a) prior direct or indirect business dealings with Plaintiff, including the purchase of lawfully printed fabric bearing the Subject Design; (b) access to Plaintiff's design library; (c) access to authorized or unauthorized reproductions in the possession of other vendors and/or DOE Defendants, including, but not limited to, international and/or overseas converters and printing mills; (d) access to Plaintiff's strike-offs, swatches, paper CADs, and samples; and (e) access to garments in the marketplace manufactured with lawfully printed fabric bearing the Subject Design.

22. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, infringed Plaintiff's copyright by unlawfully reproducing, distributing, marketing, advertising, manufacturing, and/or developing garments that are substantially similar to the Subject Design, including unauthorized

derivative works, and by importing, producing, distributing, and/or selling such infringing garments through a nationwide network of retail stores, catalogs, and online websites.

23. Due to Defendants' acts of infringement, Plaintiff has suffered damages to its business, including lost sales, market dilution, and reputational harm, in an amount to be established at trial.

24. As a direct and proximate result of Defendants' infringement, Defendants have unlawfully derived direct and indirect financial benefits they would not have otherwise realized but for their unauthorized use of the Subject Design. Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement, in an amount to be established at trial.

25. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, engaged in the infringing acts alleged herein despite knowing or having reason to know of Plaintiff's exclusive rights, demonstrating reckless disregard for Plaintiff's intellectual property. Accordingly, Plaintiff is entitled to a finding of willful infringement, subjecting Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement.

26. Within the time permitted by law, Plaintiff will make its selection between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)

27. Plaintiff repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, knowingly induced, participated in, aided and abetted, and profited from the unlawful reproduction, importation, marketing, advertisement, distribution, and/or sale of Infringing Garments featuring the Subject Design as alleged herein.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing activity.

30. By reason of Defendants' acts of contributory and/or vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages, including lost revenue, market dilution, and reputational harm, in an amount to be established at trial.

31. Due to Defendants' acts of contributory and/or vicarious copyright infringement as alleged herein, Defendants, and each of them, have unlawfully obtained direct and indirect profits they would not have otherwise realized but for their infringement of the Subject Design.  Plaintiff is therefore entitled to recover all gains, profits, and advantages derived from Defendants' infringement, in an amount to be established at trial.

32. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of infringement alleged herein with actual or constructive knowledge of Plaintiff's rights such that Plaintiff is entitled to a finding of willful infringement, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement. Within the time permitted by law, Plaintiff will make its selection between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

### Against All Defendants

With respect to Each Claim for Relief:

1. That Defendants, each of them, along with their agents and servants be enjoined from infringing Plaintiff's copyrights in any manner;
2. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;
3. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;
4. That Plaintiff be awarded pre-judgment interest as allowed by law;
5. That Plaintiff be awarded costs of litigation; and
6. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues in this action pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment of the United States Constitution.

Dated: March 10, 2025

Respectfully submitted,

           /s/ Jeonghye Kim
           Jeonghye Kim, Esq.
           Attorney for Plaintiff